UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PETER SAUER, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-01621 |
| § | |
| CALGON CARBON CORP., *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) and 12(b)(3) or in the Alternative Motion to Transfer Venue filed by Defendant Calgon Carbon Corp ("CCC"). (Dkt. 22). After careful consideration of the pleadings and the applicable law, the motion is **GRANTED**.

### I.     FACTUAL BACKGROUND

Plaintiff Peter Sauer ("Sauer") alleges that, while on property owned by Defendant Calgon Carbon Corp. ("Calgon") in Ohio, he fell from a ladder and injured his neck, head, back and arm. (Dkt. 1-2). Sauer alleges that the fall was result of the actions of a Calgon yard hand. *Id.* Following his injury Sauer filed this action asserting claims for negligence and gross negligence against Defendants Calgon and Kuraray America, Inc. ("KAI") in Texas state court. *Id.* After the action was removed to this court, KAI was severed and dismissed from this action. Carbon is the only remaining defendant in this action.

1

Calgon has now filed a motion to dismiss this action against it for lack of personal jurisdiction and improper venue. Fed. R. Civ. P. 12(b)(2) and 12(b)(3). In support of this motion, Calgon alleges that it is not a Texas resident but a Delaware corporation with its principal place of business in Pennsylvania. Calgon alleges that it never purposefully availed itself of the benefits and protections of Texas and no events giving rise to Sauer's claims for negligence and gross negligence occurred in Texas. In the alternative, Calgon argues that if the Court finds that it has personal jurisdiction in this matter and venue in Texas is proper, the Court should transfer venue of this action to Ohio in the "interests of justice." 28 U.S.C.§ 1404. Sauer did not file any response to the motion and there is no dispute as to the relevant facts.[1]

I. **LEGAL STANDARD**

a. **Rule 12(b)(2) Motion to Dismiss**

Dismissal for lack of personal jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(2). When personal jurisdiction is challenged, the plaintiff "bears the burden of establishing the district court's jurisdiction over the defendant." *Quick*

---

[1] Under the Local Rules of the Southern District of Texas, a response to a motion is due 21 days after the motion is filed. S.D. Tex. L.R. 7.3, 7.4(A). Plaintiff's response to the Motion to Dismiss was due April 22, 2022. No opposition was filed by that date. The Local Rules provide that failure to respond to a motion is taken as a representation of no opposition. S.D. Tex. L.R. 7.3, 7.4. While recognizing that Local Rule 7.4 allows a court to construe a party's failure to respond as a representation of no opposition, the Fifth Circuit has said that where the motion is dispositive, "[t]he mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." *Watson v. United States ex rel. Lerma*, 285 Fed. Appx. 140, 143 (5th Cir. 2008). The Fifth Circuit has held, however, that a proper sanction for a failure to respond to a dispositive motion is for the court to decide the motion on the papers before it. *Ramsay v. Bailey*, 531 F.2d 706, 709 n. 2 (5th Cir. 1976), *cert denied*, 91 S.Ct. 1139 (per curiam); *see also Eversley v. MBank Dallas*, 843 F.2d 172, 173–74 (5th Cir. 1988) (observing that when the nonmovant fails to respond, the court may properly accept as true the movant's factual allegations).

2

*Technologies, Inc. v. Sage Group PLC*, 313 F.3d 338, 343 (5th Cir. 2002). "When the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper.'" *Id.* (quoting *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)). "In making its determination, the district court may consider the contents of the record before the court at the time of the motion, including 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Id.* at 344 (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). The court must accept as true the uncontroverted allegations in the plaintiff's complaint and must resolve in favor of the plaintiff any factual conflicts. *Guidry v. United States Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). However, the court is not obligated to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Electric Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). "Absent any dispute as to the relevant facts, the issue of whether personal jurisdiction may be exercised over a nonresident defendant is a question of law" to be determined by the Court. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993).

### A. Personal Jurisdiction

"A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). "The Texas long-arm statute authorizes the exercise of jurisdiction over nonresidents 'doing

business' in Texas," and "[t]he Texas Supreme Court has interpreted the 'doing business' requirement broadly, allowing the long-arm statute to reach as far as the federal Constitution permits." *Grundle Lining Const. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996) (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). Thus, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due process inquiry. *Ruston Gas Turbines v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993).

The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant "purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state," and (2) the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214–15 (5th Cir. 2000).

"Minimum contacts" can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction. *Alpine View*, 205 F.3d at 215. Specific jurisdiction over a nonresident is appropriate when the defendant has purposefully directed its activities at the forum state and the "litigation results from alleged injuries that 'arise out of or relate to' those activities." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985)). General jurisdiction will attach where the nonresident defendant's contacts with the forum state, although not related to the plaintiff's cause of action, are "continuous and systematic." *Alpine View*, 205 F.3d at 215 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984)).

## II. ANALYSIS

### a. There is No General Jurisdiction Over CCC

"For a court to exercise general jurisdiction over a corporate defendant, it must have affiliations with a state that are 'so continuous and systematic as to render [it] essentially at home in the forum state.'" *Rawls v. Old Republic General Insurance Group*, 489 F. Supp. 3d 646, 657 (S.D. Tex. 2020) (quoting *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020)). "The continuous and systematic test is a 'difficult one to meet, requiring extensive contacts between a defendant and a forum.'" *Id.* (quoting *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (emphasis added)). "Both the Supreme Court and Fifth Circuit have recognized that it is only in an exceptional case that 'a corporation's operation in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render [it] subject to general jurisdiction' in the forum state.'" *Id.* (emphasis added) (quoting *Whitener v. Pliva, Inc.*, 606 F.App'x 762, 765 (5th Cir. 2015)). As the Supreme Court has held, in order to exercise general jurisdiction over a foreign corporation, the corporation's contacts with the forum state must make it "comparable to a domestic enterprise in that state." *Daimler AG v. Bauman*, 571 U.S. 117, 133, n. 11 (2014).

Calgon is a Delaware corporation with its principal place of business in Moon Township, Pennsylvania. (Dkt. 22 at p. 3). Although Calgon does business with Texas, it serves clients across the country and operates facilities in numerous states. (Dkt. 22 at p. 5). According to Chad Whalen, Calgon Senior Vice President, Chief Legal Officer and Corporate Secretary, Calgon's business in Texas is less than five percent of Calgon global

5

revenue. (Dkt. 22-1 at p. 2). Calgon does not own any real property or have any corporate offices in Texas, although it does store materials or equipment in warehouses located in Texas. (Dkt. 22-1 at p. 3). Of Calgon's 722 employees residing in the United States, only six employees reside in Texas. However, each of those employees are directed from Calgon's offices in California and Pennsylvania. The Supreme Court has held "that mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions" *Helicopteros Nacionales De Columbia v. Hall*, 466 U.S. 408, 418 (1984). Consistent with the Supreme Court's holding, the Fifth Circuit has also held "[s]ubstantial sales of goods, advertisement, and business registration, even with other contacts, have not been found to confer general jurisdiction." *Rawls v. Old Republic Gen. Ins. Group, Inc.*, 489 F. Supp. 3d 646, 660 (S.D. Tex. 2020) (citing *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 339 (5th Cir. 2020)). "[V]ague and generalized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 610 (5th Cir. 2008). The Court finds that Calgon does not have contacts with Texas that are 'so continuous and systematic as to render [it] essentially at home in the forum state.'" *Rawls*, 489 F. Supp. 3d at 657 (quoting *Frank*, 947 F.3d at 337). Accordingly, the Court does not have general jurisdiction over Calgon in this action.

### b. There is No Specific Jurisdiction Over CCC

The Fifth Circuit has established a three-part test to consider to determine whether a court may exercise specific jurisdiction: (1) whether the defendant has minimum contacts

with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). "If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Id*. "As to the first and second prongs, 'there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulations.'" *Rawls*, 489 F. Supp. 3d at 661 (quoting *Zoch*, 810 F. App'x at 288). "Such activity or occurrence must 'create a substantial connection with the forum State.'" (quoting *Zoch*, 810 F. App'x at 288 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017). Sauer does not attempt to demonstrate any connection between any Calgon activity in Texas and the alleged incident. Sauer does not, and cannot, show this Court has specific jurisdiction over Calgon.

Sauer has not shown that Calgon had minimum contacts within Texas sufficient to establish personal jurisdiction over it, so the Court need not determine whether the assertion of personal jurisdiction would comport with traditional notions of fair play and

substantial justice. Accordingly, the Court finds that it lacks specific jurisdiction over Calgon in this action.[2]

### III.    CONCLUSION

Accordingly, Calgon's Motion to Dismiss (Dkt. 22) is **GRANTED**. The claims against Calgon are **DISMISSED WITHOUT PREJUDICE** to re-filing in an appropriate forum.

SIGNED at Houston, Texas on the 1st of June, 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court finds that this action should be dismissed for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the Court need not address the alternative grounds for dismissal raised by the pending motion.